929 F.2d 701
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Isma SALOSHIN, Plaintiff-Appellant,
v.
Thomas K. TURNAGE, Administrator of the Veterans
Administration, Defendant-Appellee.
 No. 90-5882.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1991.
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY, No. 87-00490; Wilhoit, J.
 E.D.Ky.
 AFFIRMED.
 Before MILBURN and BOGGS, Circuit Judges, and DeMASCIO, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Isma Saloshin appeals the judgment for her employer, defendant-appellee Thomas Turnage, Administrator of the Veterans Administration ("VA"), in this action alleging discrimination in employment in violation of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794. The parties agreed to forego a trial and to have the matter submitted for consideration on the pleadings and on the administrative record. The district court referred the action for consideration by the magistrate as special master. Fed.R.Civ.P. 53; 28 U.S.C. Sec. 636(b)(2) (Supp.1990). The magistrate recommended a holding that because plaintiff does not qualify as a handicapped person under the Rehabilitation Act, no relief could be awarded on her complaint. The district court adopted the magistrate's report and recommendation and entered an order dismissing the plaintiff's action.
 
 
 2
 Plaintiff worked for years as an Army nurse until her back was injured in a tour of duty in Vietnam. She left the service with a 10 percent service-connected disability rating. Plaintiff began working for the VA in 1971 as assistant chief of the nursing service. After a series of reassignments, which, according to her supervisors, were because of incompetence and complaints from co-workers, patients, and doctors, plaintiff was assigned to work in unit 2-2 at the Lexington VA Medical Center. Many patients in this unit were geriatric, and some of them were bedridden and unconscious. Therefore, the duty called for considerable heavy lifting. Plaintiff informed her supervisors that her back injury prevented her from doing the work and submitted confirmation from two doctors.
 
 
 3
 The VA placed plaintiff on involuntary sick leave and eventually instituted involuntary retirement proceedings. After a series of appeals, the VA determined that plaintiff was "capable of performing the duties of a staff nurse within the physical limitations of her service-connected disability (i.e., may require assistance with lifting)" and recommended that plaintiff be returned to duty.
 
 
 4
 Plaintiff was then assigned to work in unit 1-2 at the same hospital. Patients in this unit were much like those in unit 2-2 so that plaintiff was required to engage in some heavy lifting. According to plaintiff's supervisors, her performance in unit 1-2 was unsatisfactory, and she was given an unsatisfactory proficiency report. Plaintiff was assigned to library duty following two complaints from her patients. On December 3, 1981, plaintiff was notified of her proposed discharge on several grounds. After six weeks of library duty, plaintiff was assigned to a special detail writing policies and procedures where she stayed until her retirement date of June 15, 1983. In May of 1983, plaintiff received notification that she was to be discharged effective June 22, 1983. Following a meeting in which plaintiff claims that she was given an ultimatum to either retire or face immediate discharge, plaintiff accepted disability retirement effective June 15, 1983.
 
 
 5
 The principal issues as stated by plaintiff-appellant are (1) whether plaintiff is a "handicapped individual" within the meaning of the Act, and (2) whether the magistrate erred in holding that plaintiff's capability of performing as a staff nurse with some limitation on lifting precluded a finding that she was a handicapped individual. As an alternative ground for upholding the judgment, defendant raises the issue of whether plaintiff's voluntary retirement mooted her discrimination claim.
 
 
 6
 After hearing argument of counsel and considering the record and briefs filed herein, we AFFIRM the judgment of the district court for the reasons stated in the magistrate's report and recommendation of February 20, 1990, which was adopted by the district court by its order of June 20, 1990.
 
 
 
 *
 Honorable Robert E. DeMascio, Senior United States District Judge for the Eastern District of Michigan, sitting by designation